## Rafferty's Estate.

*Wills—Issue devisavit vel non—Undue influence—Evidence.*

1. An issue devisavit vel non is properly refused, where the testimony of reputable witnesses is produced to show testamentary capacity, which, it is admitted, would have to be cast aside as incredible, in order to permit the contestant's theory to succeed.

2. Where it was clearly proven that the testator gave the scrivener all the facts necessary to write the will, that he requested her to write it and make the bequests which were made, that he knew his property, and the objects of his bounty, and gave it to the beneficiaries voluntarily, the will will be sustained.

3. An issue devisavit vel non is of right only where there is a substantial dispute about a material fact. Where the evidence is so doubtful or unsatisfactory that the court should not permit a verdict to stand against the validity of a will, an issue should not be granted.

Argued May 2, 1918. Appeal, No. 132, April T., 1918, by Mary Rafferty, from decree of O. C. Allegheny County, April Term, 1917, No. 286, dismissing appeal from decision of the Register of Wills and denying an issue devisavit vel non in the estate of Frank Rafferty, de-

ceased.   Before ORLADY, P. J., PORTER, HENDERSON, HEAD, KEPHART and TREXLER, JJ.   Affirmed.

Appeal from register of wills.

From the record it appeared that Frank Rafferty, the decedent, became a patient in the West Penn hospital in Pittsburgh on February 10, 1917. He was possessed of real and personal property to the value of $1,400 and, desiring to dispose of the same by will, called to the hospital, for the purpose of writing a will for him, a young woman of three years' experience in drafting wills. The will was executed on the evening of February 17, 1917, and the decedent died on the 20th day of February, 1917. The writing in question was admitted to probate without any contest and an appeal was later taken by Mary Rafferty, sister of the decedent, to the Orphans' Court. Upon a hearing before the Orphans' Court the appeal of the petitioner from the decision of the register of wills, and the prayer for an issue devisavit vel non was dismissed.

Exceptions were then filed to the decree of the Orphans' Court refusing the petition of the appellant, which, after argument, were dismissed. The petitioner appealed.

TRIMBLE, J., for the court in banc, filed the following opinion dismissing exceptions:

The contestant's witnesses did not see the testator at the time when the will was written, and it is useless to argue that he was delirious before or after its execution. The young nurses who testified had but small experience in their profession, and their theory of continuous incompetency after delirium appeared, cannot prevail against the proof of competency by disinterested and reliable witnesses at the time of execution. A young woman, with experience in the drafting of wills, was the scrivener; a physician and business man were two of the witnesses. All of these were reputable persons, with

nothing to impeach their testimony. The Laughlin's, friends of the decedent, are interested under this will to the extent of a small legacy of fifty dollars, which does not appear to furnish a motive for their testimony. It is admitted that the testimony of all of these witnesses must be cast aside as incredible, in order to permit the contestant's theory to succeed. This cannot be done because the sister is disappointed. She had quarreled with the testator, who, when he was making his will, told the scrivener that she was not to have any part of his estate; or because he may have mistakingly described legatees as his cousins; or because he may have been strapped in bed at the time of the execution of the will, for if this were the fact, it was not because he was delirious at the time, but only to insure safety against a return of delirium in the absence of the attendants in the ward of the hospital where he was. It was clearly proven that he gave to the scrivener all of the facts necessary to write the will; that he requested her to write it, and make the bequests which are made; that he knew his property and the objects of his bounty, and gave it to the beneficiaries voluntarily, and nothing more is required. In answer to this counsel for the contestant has argued elaborately on the theory that Wilson's App., 99 Pa. 545, controls this case, and that an issue must be sent to a jury. But a careful consideration of that case leads to the conclusion that it does not control here, because it there appears that the testator was an old man, with impaired physical vitality, and was prevailed upon to revoke a natural will for one which was procured by a confidential friend, and much to his benefit. This motive is absent here. It cannot be said that the undertaker who is given a bequest of four hundred dollars for burial purposes, had anything to do with procuring this will to be written, in order that he might be benefited. He certainly was not in a confidential relationship with the testator; the evidence shows that he did not know him, but answered a call of the testator's friend to assist in

372      RAFFERTY'S ESTATE.

Opinion of Court below—Opinion of the Court. [71 Pa. Superior Ct.

making the will. The turning point of Wilson's Appeal, supra, was, the confidential relationship, which is absent here, and makes the two cases differ as much as night from day. The result reached was based upon the evidence of the witnesses who were present while the will was being drawn up and signed, and no weight was given to the uncertain testimony of the contestant's witnesses, although for the most part it was honestly given. The exceptions will be dismissed.

*Error assigned* was the decree of the court.

*Harvey A. Miller,* of *Miller & Nesbit,* for appellant, cited: Robinson v. Robinson, 203 Pa. 434; Miller's Est., 179 Pa. 645; McNitt v. Gilliland, 246 Pa. 378; Wilson's App., 99 Pa. 545; Bitner v. Bitner, 65 Pa. 347; Leech v. Leech, 21 Pa. 67; McCormick v. McCormick, 194 Pa. 107; Tawney v. Long, 76 Pa. 106; Herster v. Herster, 122 Pa. 239.

*Joseph B. Hetherington,* for appellee.

OPINION BY ORLADY, P. J., February 28, 1919:

The paper offered for probate as the last will and testament of Frank Rafferty, was dated three days before he died in the West Penn Hospital, Pittsburgh, where he had been for a week previous seriously ill with lobar pneumonia, complicated with alcoholic delirium. The facts surrounding the execution of his will are viewed from antagonistic standpoints by the parties interested in the results; physicians, nurses and attendants testified very positively to very opposite conditions. An appeal taken from the decision of the register in admitting the will to probate was dismissed by the Orphans' Court, and after hearing on exceptions filed, the appeal of the contestant was again dismissed. The facts stated in the opinion filed by the court in banc present a case which may be accepted as controlling under the decision of

369, (1919).]          Opinion of the Court.

Whites' Est., 33 Pa. Superior Ct. 533. An issue is of right only, where there is a substantial dispute, founded upon the testimony, about a material fact, and where the verdict against the validity of the will would be so unsatisfactory that the court could not permit it to stand.

The Orphans' Courts of this Commonwealth should discourage litigations of this kind, unless based on credible evidence of material facts, by refusing an issue. Under the decisions it is not necessary to analyze the testimony as we accept the facts found by the court below as controlling.

The decree is affirmed.